**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susana E. Verduzco, | No. CV-19-04745-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Kimberly A. Mulligan, et al., | |
| Defendants. | |

Plaintiff Susana E. Verduzco ("Plaintiff"), who is self-represented, has filed a motion for a subpoena. (Doc. 15.) For the following reasons, the motion will be denied without prejudice.

**BACKGROUND**

On May 22, 2019, Plaintiff initiated this lawsuit by filing a complaint in the Maricopa County Superior Court. (Doc. 1-3 at 20-52.) In a nutshell, the complaint asserts a medical malpractice claim against one defendant, Kimberly A. Mulligan, M.D. ("Mulligan"). (*Id.*)

On July 17, 2019, the United States removed this action to federal court on the ground that "it is an action against a United States Department of Veterans Affairs employee who was acting within the course and scope of her employment at or around the time of the incident in question." (Doc. 1.) The following day, the United States filed a notice of substitution—thereby substituting itself for Mulligan as the defendant—because "[t]he sole cause of action of negligence within Plaintiff's Complaint is a state law cause

of action sounding in tort," the Federal Tort Claims Act ("FTCA") "provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment," and the United States Attorney's Office has certified that, at the time of the conduct alleged in the Complaint, Mulligan "was acting within the scope of her federal employment as an employee of the United States Department of Veterans Affairs." (Doc. 5.)

On July 24, 2019, the United States filed a motion to dismiss due to Plaintiff's failure to exhaust administrative remedies. (Doc. 11.) The motion asserts that Plaintiff did not submit an administrative claim to the Department of Veterans Affairs ("VA") until May 21, 2019, and that the VA still has not ruled upon that claim. (*Id.* at 3.) The motion further asserts that, under *D.L. v. Vassilev*, 858 F.3d 1242 (9th Cir. 2017), a plaintiff will not be deemed to have exhausted her administrative remedies—which is a jurisdictional prerequisite to filing an FTCA claim—until "the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." (*Id.* at 3.) Enclosed as an exhibit to the motion is a copy of Plaintiff's administrative claim form, which is a "Standard Form 95" that was signed by Plaintiff on May 20, 2019 and marked "RECEIVED" by the Phoenix VA office on May 21, 2019. (Doc. 11-1.)

**ANALYSIS**

In her "Motion for Subpoena," Plaintiff explains that she wishes to submit a subpoena to the "Phoenix VA Health Care System's Integrated Ethics Program Manager" so she can obtain a copy of "Defendant's privileging file." (Doc. 15 at 2.) She contends this file will help her overcome the United States' failure-to-exhaust argument because it will reveal that she filed an ethics/malpractice complaint against Mulligan more than six months ago: "[S]ix months has already elapsed as the ethics committee was notified of and received initial complaint of malpractice six months ago." (*Id.*) In a related filing, Plaintiff elaborates that she filed an ethics complaint against Mulligan on or before February 2019

with the Phoenix VA's "Ethics Committee." (Doc. 16 at 2-3.) The related filing also states that the ethics complaint included a "request for compensation," but it does not elaborate on the precise nature of that request. (*Id.* at 3.)

Plaintiff's request for a subpoena is governed by General Order 18-19, which provides that "any self-represented litigant who wishes to serve a subpoena must file a motion with the Court for issuance of the subpoena" and that the motion must, among other things, "state with particularity the reasons for seeking the testimony and documents." General Order 18-19 further provides that "[t]he assigned judge shall determine whether the requested subpoena shall issue."

The Court concludes that Plaintiff has not demonstrated a valid basis for seeking the subpoena in question. Plaintiff's motion seems to be predicated on the notion that the filing of any sort of complaint with the VA—such as an ethics complaint—will trigger the six-month clock for exhaustion under the FTCA.

This is inaccurate. The FTCA provides that an action shall not be instituted against the United States "unless the claimant shall have first presented the *claim* to the appropriate Federal agency and his *claim* shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (emphases added). The Ninth Circuit has further explained that, to qualify as a "claim," a submission to an agency must contain both "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc).[1]

---

[1] *See also* 28 C.F.R. § 14.2(a) ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, *an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.") (emphasis added); *Blair v. I.R.S.*, 304 F.3d 861, 865 (9th Cir. 2002) (clarifying that although "the settlement regulations [that] are found at 28 C.F.R. §§ 14.1–14.11" are "not a jurisdictional requirement" and are merely "instructive as to the presentation of a claim," "there is a jurisdictional requirement of a 'sum certain' that comes from 28 U.S.C. § 2675").

Here, Plaintiff has not alleged that the ethics complaint she submitted to the VA more than six months ago included a "sum certain damages claim." If the complaint didn't include such a request, it will be meaningless for exhaustion purposes. Under these circumstances, the Court will not authorize the issuance of a subpoena to obtain a medical ethics committee's file that contains sensitive and potentially privileged information.

Plaintiff may, however, resubmit a new subpoena request if she has a good-faith basis for asserting that her ethics complaint included a "sum certain damages claim" (which, to be clear, is different from an open-ended or vague demand for compensation). But any future motion should be limited to a request for a copy of the ethics complaint itself. Plaintiff has not explained why she needs the ethics committee's entire file to mount a defense to the failure-to-exhaust claim.

Accordingly, **IT IS ORDERED** that Plaintiff's motion for subpoena (Doc. 15) is **denied without prejudice**.

Dated this 2nd day of August, 2019.

_____
Dominic W. Lanza
United States District Judge