**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susana E, Verduzco, | No. CV-19-04745-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court are (1) a motion to dismiss filed by the United States (Doc. 11) and (2) a motion for reconsideration, filed by *pro se* Plaintiff Susana E. Verduzco, of an earlier order denying Plaintiff's motion for sanctions (Doc. 20). For the following reasons, the motion to dismiss will be granted and the motion for reconsideration will be denied.

**BACKGROUND**

On May 22, 2019, Plaintiff initiated this lawsuit by filing a complaint in the Maricopa County Superior Court. (Doc. 1-3 at 20-52.) In a nutshell, the complaint asserts a medical malpractice claim against Kimberly A. Mulligan, M.D. ("Mulligan"). (*Id.*)

On July 3, 2019, Plaintiff filed a motion for sanctions against defense counsel. (Doc. 1-4.)

On July 17, 2019, the United States removed this action to federal court on the ground that "it is an action against a United States Department of Veterans Affairs employee who was acting within the course and scope of her employment at or around the

time of the incident in question." (Doc. 1.)

On July 18, 2019, the United States filed a notice of substitution—substituting itself for Mulligan as the defendant—because "[t]he sole cause of action of negligence within Plaintiff's Complaint is a state law cause of action sounding in tort," the Federal Tort Claims Act "provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment," and the United States Attorney's Office has certified that, at the time of the conduct alleged in the Complaint, Mulligan "was acting within the scope of her federal employment" as an employee of the United States Department of Veterans Affairs ("VA"). (Doc. 5.)

On July 18, 2019, the United States separately filed a notice informing the Court that, at the time of removal, Plaintiff's motion for sanctions was pending. (Doc. 6.)

On July 19, 2019, the Court issued an order denying the sanctions motion. (Doc. 9.)

On July 24, 2019, the United States filed a motion to dismiss due to Plaintiff's failure to exhaust administrative remedies. (Doc. 11.)

On July 31, 2019, Plaintiff filed a motion for subpoena. (Doc. 15.) In that motion, Plaintiff stated that she wishes to submit a subpoena to the "Phoenix VA Health Care System's Integrated Ethics Program Manager" so she can obtain a copy of "Defendant's privileging file." (*Id.* at 2.) This file, Plaintiff argued, would help her overcome the exhaustion issue because it would reveal that she filed an ethics/malpractice complaint against Mulligan more than six months earlier. (*Id.*)

On August 2, 2019, the Court issued an order denying Plaintiff's subpoena request. (Doc. 17.) This order provided in relevant part as follows:

> Plaintiff's motion seems to be predicated on the notion that the filing of any sort of complaint with the VA—such as an ethics complaint—will trigger the six-month clock for exhaustion under the FTCA. This is inaccurate. The FTCA provides that an action shall not be instituted against the United States "unless the claimant shall have first presented the *claim* to the appropriate Federal agency and his *claim* shall have been finally denied by the agency in

writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (emphases added). The Ninth Circuit has further explained that, to qualify as a "claim," a submission to an agency must contain both "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc).

Here, Plaintiff has not alleged that the ethics complaint she submitted to the VA more than six months ago included a "sum certain damages claim." If the complaint didn't include such a request, it will be meaningless for exhaustion purposes. Under these circumstances, the Court will not authorize the issuance of a subpoena to obtain a medical ethics committee's file that contains sensitive and potentially privileged information.

Plaintiff may, however, resubmit a new subpoena request if she has a good-faith basis for asserting that her ethics complaint included a "sum certain damages claim" (which, to be clear, is different from an open-ended or vague demand for compensation). But any future motion should be limited to a request for a copy of the ethics complaint itself. Plaintiff has not explained why she needs the ethics committee's entire file to mount a defense to the failure-to-exhaust claim.

(*Id.* at 3-4, footnote omitted).

On August 13, 2019, Plaintiff filed a "motion to re-consider sanctions." (Doc. 20.)

**DISCUSSION**

I. <u>Motion To Dismiss</u>

The United States moves to dismiss based on Plaintiff's failure to exhaust administrative remedies. (Doc. 11.) Specifically, the United States has submitted evidence showing that Plaintiff didn't submit an administrative claim to the VA until May 21, 2019 (Doc. 11-1), which was only one day before she filed this lawsuit, and that the VA hadn't ruled upon that claim by the time this case was initiated. The United States therefore argues that exhaustion is lacking under 28 U.S.C. § 2675(a) and *D.L. v. Vassilev*, 858 F.3d 1242 (9th Cir. 2017). (Doc. 11 at 3.)

In her opposition, Plaintiff argues she will be able to prove exhaustion once she is allowed to submit a subpoena to the VA, because the subpoena will result in the production

of documents proving that she actually submitted a medical malpractice claim to the VA "sometime between November to December 2018 or between January or February 2019." (Doc. 16 at 1-2.)

In its reply, the United States argues that Plaintiff can't overcome the exhaustion hurdle because the document she initially submitted to the VA (before filing her formal administrative claim in May 2019) didn't contain a "sum certain damages claim" as required by 28 U.S.C. § 2675(a). (Doc. 21.) In support of this argument, the United States has provided a declaration from a VA official. (Doc. 21-1.) The declaration states that the official met with Plaintiff on March 5, 2019 and that Plaintiff submitted a written document during that meeting. (*Id.* ¶¶ 3-5.) A copy of that document is provided as an attachment to the declaration. (*Id.* at 5-10.) Although the initial paragraph states that "I am writing to inform you I am in the process of filing a civil suit against some of the staff members [including Mulligan] seeking compensation for the life-changing irreversible brain injury that resulted from the staff's willful blindness, negligence, breach of good faith, indifference, questionable medical record entries and misrepresentation of facts" (*id.* at 5), the document does not contain a demand for any specific amount of damages.

The Court agrees with the United States that dismissal is required here due to Plaintiff's failure to exhaust administrative remedies. In *Vassilev*, the Ninth Circuit explained that "[b]efore a plaintiff can file an FTCA action in federal court, . . . he must exhaust the administrative remedies for his claim. An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing. The FTCA's exhaustion requirement is jurisdictional and may not be waived." 858 F.3d at 1244. Here, Plaintiff didn't satisfy the exhaustion requirement through her submission of a formal administrative claim on May 21, 2019 because that claim was submitted only one day before she filed this lawsuit. Additionally, Plaintiff didn't satisfy the exhaustion requirement through her submission of a letter to a VA official in March 2019 because that letter didn't include a "sum certain damages claim." *Warren v. U.S. Dep't of Interior*

*Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc).

II. Motion For Reconsideration

As noted, on July 19, 2019, the Court issued an order denying Plaintiff's motion for sanctions against defense counsel. (Doc. 9.) This order explained that, "[a]lthough Plaintiff accuses defense counsel of committing 'judicial interference in due process, breach of fiduciary duties and deliberate misrepresentations of 22 U.S.C. § 702, Malpractice Protection,' the factual summary contained in the motion shows that defense counsel was simply trying to meet-and-confer in an attempt to avoid unnecessary motions practice." (*Id.*, citation omitted.)

Plaintiff has now filed a motion for reconsideration of this order. (Doc. 20.) In this motion, Plaintiff accuses defense counsel of "removing this case as a diversionary tactic" and "submit[ing] a defective certification affirming that [Mulligan] was 'acting within the scope of her federal employment . . . at the time of the incident." (*Id.* at 1-7.)[1]

Plaintiff's request for reconsideration will be denied. Motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). No such extraordinary circumstances are present here. The United States properly removed this case from state court and properly filed a certification that Mulligan was acting within the scope of her federal employment at the time of the conduct alleged in the complaint. Plaintiff's belief that Mulligan acted negligently and/or engaged in medical malpractice does not mean that Mulligan was acting outside the scope of her employment as a doctor. *Cf. MacDonald v. Chaney*, 2007 WL 274313, *2 (D. Ariz. 2007) (rejecting plaintiff's argument that "committing malpractice is not within the scope of the employee's conduct" under Arizona law).

---

[1] Plaintiff raised similar arguments in her "Response to MIDP Project General Order" (Doc. 13) and her "Response to Removal of Case" (Doc. 14).

Accordingly**, IT IS ORDERED** that:

(1) The United States' motion to dismiss (Doc. 11) is **granted**;

(2) Plaintiff's motion for reconsideration (Doc. 20) is **denied**; and

(3) The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 24th day of September, 2019.

Dominic W. Lanza
United States District Judge