**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susana E. Verduzco, | No. CV-19-04745-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Kimberly A Mulligan, et al., | |
| Defendants. | |

On September 24, 2019, the Court issued an order dismissing Plaintiff's *pro se* complaint—which, in a nutshell, asserted a medical malpractice claim against a doctor employed by the United States Department of Veterans Affairs ("VA")—due to Plaintiff's failure to exhaust administrative remedies. (Doc. 22.) In response, Plaintiff has filed a motion for reconsideration. (Doc. 24.) Although the motion is not a model of clarity, Plaintiff appears to be arguing that reconsideration is warranted because, among other things, (1) a VA doctor in Arkansas was recently charged with federal crimes in an unrelated lawsuit, (2) "President Trump's impeach inquiry . . . support[s] . . . this motion." (*Id.*)

The motion for reconsideration will be denied. Motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of*

*Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).  No such extraordinary circumstances are present here.  *Cf. MacDonald v. Chaney*, 2007 WL 274313, *2 (D. Ariz. 2007) (rejecting plaintiff's argument that "committing malpractice is not within the scope of the employee's conduct" under Arizona law).

Accordingly, **IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 24) is **denied**.

Dated this 15th day of October, 2019.

Dominic W. Lanza
United States District Judge